United States District Court
District of Massachusetts

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | |
| ) | Criminal Action No. |
| ENRICO PONZO, ) | 97-40009-NMG |
| ) | |
| Defendant. ) | |

**MEMORANDUM & ORDER**

GORTON, J.

Pending before the Court is defendant's Motion in Limine to Exclude Uzi Firearm and Silencer from January 1989 Search (Docket No. 1777). For the reasons that follow, that motion will be allowed in part and denied in part.

**A. Background**

In January, 1989, the Revere Police Department received a tip from a confidential informant who claimed that the defendant possessed an Uzi machine gun and silencer at his Revere apartment. The police obtained and executed a search warrant for the apartment on January 5, 1989, and discovered an Uzi, silencer, "non-chucks," various rifle and Uzi parts, a cocaine grinder, a beeper and a cutting agent. The defendant was subsequently arrested on January 19, 1989, and charged in Chelsea District Court with illegally possessing a machine gun and silencer. He eventually pled guilty to a lesser charge.

-1-

On September 9, 2013, the government informed defendant that it intended to elicit testimony about the defendant's January 19, 1989 arrest and possession of a machine gun and silencer. The defendant moved prior to trial to exclude such testimony under Fed. R. Evid. 404(b) and 403 (Docket No. 1720). The Court denied that motion without prejudice in an oral ruling issued from the bench at the pretrial conference (Docket No. 1753) and advised the parties that it would reexamine the matter at trial and in context.

On October 9, 2013, the government notified defendant that the FBI had obtained the physical evidence seized from defendant's apartment on January 5, 1989, which included an Uzi machine gun, a silencer, other weapons and drug paraphernalia (Docket No. 1798, Ex. A). The government advised that it planned to introduce the physical evidence at trial and to elicit testimony from the police officer who entered the criminal complaint that led to defendant's January 19, 1989 arrest for illegally possessing a machine gun and silencer.

The defendant filed the pending motion to exclude the proposed testimony and physical evidence on October 10, 2013 (Docket No. 1777). The Court heard oral argument on the matter on October 11, 2013, and has reviewed the government's opposition brief (Docket No. 1798) and the defendant's reply (Docket No. 1799).

B. Analysis

Evidence of the defendant's prior possession of a machine gun and silencer is admissible only if 1) it is either direct evidence of one of the crimes charged in the indictment or admissible as evidence of plan, motive, etc. under Fed. R. Evid. 404(b) and 2) its probative value is not substantially outweighed by the danger of unfair prejudice under Fed. R. Evid. 403. United States v. Tse, 375 F.3d 148, 155 (1st Cir. 2004).

The government argues that the Uzi and silencer are admissible as direct evidence of the RICO conspiracy identified in the indictment, specifically the conspiracy to murder Francis Salemme, Sr., and other members of the ruling faction of the Patriarca family. It contends that it will be able to prove that the preparation for those murders and attempted murders began as early as November, 1988, when Paul Corbosiero made straw purchases of weapons for Vincent "Gigi" Portalla and Robert "Blur" Paleo. The government intends to call a ballistics expert who will testify that one of those weapons, which was found not far from the scene of the shooting of Salemme on June 16, 1989, matches evidence found at the scene. The government also has evidence that an Uzi was seized from Gigi Portalla's home in March, 1989, and that a weapon purchased by Corbosiero in December, 1988, was seized from Joseph Stornaiuolo on the same day that Salemme was shot.

The defendant contests the government's claim that a conspiracy to murder Salemme began as early as November, 1988, and points to evidence that suggests that the plan to murder Salemme fell into place shortly before the shooting. He also disagrees with the government about the probative value of the evidence, noting that there is no evidence linking the Uzi and silencer found in his residence in January, 1989, to any of the straw purchases. He maintains that the evidence is "extremely prejudicial" in that it could lead the jury to the forbidden inference that defendant is more likely to have participated in the conspiracy to murder Salemme with an Uzi because he illegally possessed an Uzi in the past and not because he was actually linked to the conspiracy.

It is a close call whether the defendant's possession of a machine gun and silencer in January, 1989 is 1) direct evidence of his participation in a conspiracy to murder Salemme and other members of the ruling faction of the Patriarca crime family during the period identified in the indictment or 2) evidence of a prior crime that might nevertheless be admitted under Fed. R. Evid. 404(b). The government has shown that several members of the alleged conspiracy obtained weapons around that time but it has not shown when the defendant obtained his Uzi or that any of the alleged co-conspirators had formed the intent to kill Salemme or anyone else as early as January, 1989.

Furthermore, the government does not cite, and the Court has not found, any case law that supports its contention that mere possession of a weapon is evidence of a conspiracy or plan to murder a particular individual. See, e.g., Tse, 375 F.3d at 155 ("In a conspiracy case, the district court may admit evidence of other bad acts if they tend to suggest a criminal association between the alleged conspirators."); United States v. Varoudakis, 233 F.3d 113, 119 (1st Cir. 2000) ("[P]rior bad act evidence is admissible to prove conspiracy in cases where the earlier crime involved the same participants as the charged crime." (internal quotation marks and citations omitted)).

The Court finds that the fact that the defendant illegally possessed a machine gun of unknown origin and a silencer in January, 1989, has little probative value with respect to the questions of whether he participated in the conspiracy to murder Salemme in June, 1989, or other members of the ruling faction in 1994. The low probative value of the evidence is substantially outweighed by the danger of unfair prejudice under Fed. R. Evid. 403. The Court cannot discount the danger that the jury will draw improper inferences from the fact that the defendant illegally possessed the same kind of weapon that was used in the Salemme shooting. As a result, the Court will exclude testimony and physical evidence relating to the fact that the defendant possessed an Uzi and silencer in January, 1989.

The parties have not addressed whether evidence of narcotics distribution seized during the January, 1989, search is admissible. The Court will, nevertheless, admit such evidence because it is direct evidence of defendant's participation in the drug conspiracy, the probative value of which is not substantially outweighed by the danger of unfair prejudice.

### ORDER

In accordance with the foregoing, the defendant's motion in limine to exclude the Uzi firearm and related evidence from the January, 1989 search (Docket No. 1777) is **ALLOWED, in part**, and **DENIED without prejudice, in part**. The government will not be allowed to present any evidence of defendant's January, 1989 possession of an Uzi, a silencer and the other weapons or parts of weapons but may present evidence of the cocaine grinder and other drug paraphernalia discovered during the same search.

**So ordered.**

_/s/ Nathaniel M. Gorton_
Nathaniel M. Gorton
United States District Judge

Dated October 16, 2013