```
                    United States District Court
                      District of Massachusetts
 _____
                               )
UNITED STATES OF AMERICA,      )
                               )
        v.                     )
                               )   Criminal Action No.
ENRICO PONZO,                  )   97-40009-NMG
                               )
        Defendant.             )
 _____)
```

### MEMORANDUM AND ORDER

Pending before the Court is the government's motion for an order of forfeiture of a money judgment of $3,000,000 and the opposition of defendant Enrico M. Ponzo ("defendant" or "Ponzo") thereto. For the reasons that follow, the motion will be allowed, in part, and denied, in part, and the previous ruling that defendant shall be required to forfeit a money judgment of $2,250,000 will stand.

### I.   Procedural History

On January 31, 2013, a federal grand jury sitting in the District of Massachusetts returned a Superseding Indictment charging defendant Enrico M. Ponzo ("defendant" or "Ponzo") with 18 federal offenses. An amended Superseding Indictment, filed on November 29, 2013, charged the Defendant with 15 counts including, inter alia, Conspiracy to Distribute and to Possess With Intent to Distribute Marijuana in violation of 21 U.S.C. §§ 846 and 841(a)(1) (Count Eleven).

The amended Superseding Indictment also contained a drug forfeiture allegation, pursuant to 21 U.S.C. § 853, which provided notice that the government sought the forfeiture, upon conviction of the Defendant of the offense alleged in Count Eleven of the amended Superseding Indictment, of any and all property constituting, or derived from, any proceeds the Defendant obtained, directly or indirectly as a result of such offense, and any property used or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such offense. The drug forfeiture allegation identified specific items as forfeitable and also indicated that the government would seek a money judgment of $1,500,000 derived from the distribution of marijuana between October, 1994 and March, 1999.

On November 20, 2013 after a 26-day jury trial, a jury found the Defendant guilty of being part of a Conspiracy to Distribute and to Possess With Intent to Distribute Marijuana in violation of 21 U.S.C. §§ 846 and 841(a)(1). The jury also reached a special verdict with respect to the forfeiture of specific items of property but the question of whether defendant should also be required to forfeit a money judgment was not submitted to the jury.

On April 11, 2014 the government moved for the entry of orders requiring the defendant to forfeit specific assets found

to be forfeitable by the jury and a money judgment of $3,000,000. The Court held a hearing on the motions on April 28, 2014 at which it allowed the government's motion for forfeiture of specific assets. The Court took the motion for forfeiture of a money judgment under advisement and announced at the sentencing hearing later that day that defendant would be required to forfeit a money judgment of $2,250,000.

In the time between the hearing on the forfeiture motions and the sentencing, defendant, who represented himself pro se, filed a handwritten motion to stay any order of forfeiture on the grounds that he had not been served with notice of the hearing on the motions. The Court assumed, out of an abundance of caution, that defendant had not received the subject service and permitted him to file an affidavit and memorandum limited to the issue of the amount that he should be required to forfeit as a money judgment. The deadline to submit an opposing memorandum was extended several times because defendant claimed that he was denied access to certain legal resources and trial materials at the prison facilities where he was housed temporarily prior to his final transfer. Defendant eventually submitted two supplemental memoranda with respect to forfeiture. See Docket Nos. 2097, 2105.

## II. **Motion for Forfeiture of a Money Judgment**

### A. Legal Standard

Under the federal rules, when the government seeks forfeiture of a money judgment, "the court must determine the amount of money that the defendant will be ordered to pay." Fed. R. Crim. P. 32.2(b)(1)(A). That determination

> may be based on evidence already in the record ... and on any additional evidence or information submitted by the parties and accepted by the Court as relevant and reliable.

Fed. R. Crim. P. 32.2(b)(1)(B). In contrast, when the government seeks forfeiture of specific assets, as it did here, forfeiture of those assets may be determined by a jury. The relevant rule states that

> (A) Retaining the Jury. In any case tried before a jury, if the indictment or information states that the government is seeking forfeiture, the court must determine before the jury begins deliberating whether either party requests that the jury be retained to determine the forfeitability of specific property if it returns a guilty verdict.
>
> (B) Special Verdict Form. If a party timely requests to have the jury determine forfeiture, the government must submit a proposed Special Verdict Form listing each property subject to forfeiture and asking the jury to determine whether the government has established the requisite nexus between the property and the offense committed by the government.

Fed. R. Crim. P. 32.2(b)(5).

**B. Application**

**1. Waiver**

Defendant contends, first, that the government waived its claim to a money judgment by failing to include a question concerning a money judgment on the special verdict form that was submitted to the jury. Defendant is correct that the special verdict form asked the jury to find only whether specific assets were forfeitable.

Nevertheless, the government did not waive its right also to seek a money judgment following the trial merely because it drafted a special verdict form with respect to specific assets and because other courts have submitted the money judgment issue to the jury for a special verdict. See United States v. Bucci, 582 F.3d 108, 111 (1st Cir. 2009).

First, Fed. R. Crim. P. 32.2(b)(5), by its terms, permits the parties to submit to the jury the question of whether the requisite nexus exists between "specific property" and the offense charged but is silent as to whether the question of money judgments, which are not specific property, should also go to the jury. See United States v. Roberts, 631 F. Supp. 2d 223, 225-26 (E.D.N.Y. 2009).

Second, notwithstanding the assertion by Ponzo that he specifically requested that the jury be commissioned to determine all forfeitures, see Docket No. 2097 at 5, he in fact

**B. Application**

**1. Waiver**

Defendant contends, first, that the government waived its claim to a money judgment by failing to include a question concerning a money judgment on the special verdict form that was submitted to the jury. Defendant is correct that the special verdict form asked the jury to find only whether specific assets were forfeitable.

Nevertheless, the government did not waive its right also to seek a money judgment following the trial merely because it drafted a special verdict form with respect to specific assets and because other courts have submitted the money judgment issue to the jury for a special verdict. See United States v. Bucci, 582 F.3d 108, 111 (1st Cir. 2009).

First, Fed. R. Crim. P. 32.2(b)(5), by its terms, permits the parties to submit to the jury the question of whether the requisite nexus exists between "specific property" and the offense charged but is silent as to whether the question of money judgments, which are not specific property, should also go to the jury. See United States v. Roberts, 631 F. Supp. 2d 223, 225-26 (E.D.N.Y. 2009).

Second, notwithstanding the assertion by Ponzo that he specifically requested that the jury be commissioned to determine all forfeitures, see Docket No. 2097 at 5, he in fact

**B. Application**

**1. Waiver**

Defendant contends, first, that the government waived its claim to a money judgment by failing to include a question concerning a money judgment on the special verdict form that was submitted to the jury. Defendant is correct that the special verdict form asked the jury to find only whether specific assets were forfeitable.

Nevertheless, the government did not waive its right also to seek a money judgment following the trial merely because it drafted a special verdict form with respect to specific assets and because other courts have submitted the money judgment issue to the jury for a special verdict. See United States v. Bucci, 582 F.3d 108, 111 (1st Cir. 2009).

First, Fed. R. Crim. P. 32.2(b)(5), by its terms, permits the parties to submit to the jury the question of whether the requisite nexus exists between "specific property" and the offense charged but is silent as to whether the question of money judgments, which are not specific property, should also go to the jury. See United States v. Roberts, 631 F. Supp. 2d 223, 225-26 (E.D.N.Y. 2009).

Second, notwithstanding the assertion by Ponzo that he specifically requested that the jury be commissioned to determine all forfeitures, see Docket No. 2097 at 5, he in fact

assented to the submission of the special verdict form produced by the government and did not object when the government stated its understanding at the charge conference that the money judgment would not be submitted to the jury by way of a special verdict. See Charge Conf. Tr. 5:2-4, Nov. 13, 2013, Docket No. 1989; Day 22 Trial Tr. 4:9-10, Nov. 14, 2013, Docket No. 1974.

### 2. "Proceeds" vs. "Profits"

Defendant also contends that, assuming that forfeiture is warranted, he should only be required to forfeit his net profits from the distribution of marijuana rather than the gross receipts obtained by the co-conspirators from illegally distributing marijuana.

The drug forfeiture statute states that any person convicted of a felony under Title 21 of the United States Code shall forfeit

> any property constituting, or derived from, any proceeds the person obtained, directly or indirectly, as the result of such violation....

21 U.S.C. § 853(a)(1). Furthermore, it provides that

> [i]n lieu of a fine otherwise authorized by [Part D of Subchapter 1 of Title 21], a defendant who derives profits or other proceeds from an offense may be fined not more than twice the gross profits or other proceeds.

Id. § 853(a) (emphasis added). The statute defines "property" but not "proceeds." See id. § 853(b).

In United States v. Santos, 553 U.S. 507, 510-24 (2008), a plurality found that the undefined term "proceeds" was ambiguous as used in the federal money laundering statute, 18 U.S.C. § 1956. Given that ambiguity, the plurality held that the rule of lenity requires courts to apply the more defendant-friendly definition and construe "proceeds" to mean "profits." Id. at 514. Prior to Santos, at least one district court in the First Circuit appears to have based an order of forfeiture upon the net profits of a drug conspiracy rather than gross receipts. See United States v. Hall, 434 F.3d 42, 58-60 (1st Cir. 2006) (explaining that the district court based its calculation of drug amounts under the United States Sentencing Guidelines on estimated profits of $519,000 and that it ordered forfeiture of specific assets and a money judgment of $511,321.22).

Nevertheless, courts in this Circuit have limited the holding of Santos to forfeiture under the money laundering statute and have continued to construe the term "proceeds" in the drug forfeiture statute to mean gross receipts rather than net profits. See, e.g., United States v. Bucci, 582 F.3d 108, 121-24 (1st Cir. 2009) (finding that district court did not plainly err under Santos in instructing jury that "proceeds" meant "gross proceeds"); United States v. Caparotta, 571 F. Supp. 2d 195, 199 (D. Me. 2008) (reasoning that interpreting "proceeds" to mean "profits" where statute referred to "profits

or other proceeds" would violate the rule of statutory construction that disfavors interpretations that render terms superfluous or meaningless). The Court agrees with those courts that Santos is distinguishable and that proceeds under § 853 is best understood to refer to gross receipts rather than "net profits".

### 3. Amount of Proceeds

The government contended prior to the sentencing that Ponzo obtained at least $3,000,000 in proceeds from the drug conspiracy. It based that figure upon the testimony by Jesus Quintero that he sold the defendant at least 1,500 pounds of marijuana per year between 1995 and 1998 for $525 to $550 per pound and the report of John Mele to law enforcement that Ponzo sold marijuana for $500 to $900 per pound during that period. The government assumed that Ponzo sold marijuana for $500 per pound and multiplied that number by 1,500 pounds per year times four years for a total of $3,000,000.

Ponzo contested that estimate and asserted that, at most, he should be required to forfeit $44,000 based upon the jury's finding that the conspiracy involved at least 1,000 kilograms (2,200 pounds) and his assertion that profits amounted to $20 per pound. He has not, however, provided an estimate of the gross receipts of the conspiracy.

The Court finds, by a preponderance of the evidence, that $2,250,000 is an appropriate, conservative estimate of the proceeds of the marijuana conspiracy and therefore its order of forfeiture of a money judgment in that amount is affirmed. The Court declines to order forfeiture of the entire $3,000,000 sought by the government because John Mele was not the only individual or group who purchased marijuana from defendant and the government has not produced evidence that the price paid by Mele matched the price paid by other purchasers.

### 4. Constitutionality of Order of Forfeiture

Ponzo also contends that a money judgment of $2,250,000 violates the Excessive Fines Clause of the Eighth Amendment to the Constitution of the United States.

A criminal forfeiture is unconstitutional under the Excessive Fines Clause if it is "grossly disproportional to the gravity of the defendant's offense." United States v. Bajakajian, 524 U.S. 321, 337 (1998). The First Circuit requires courts to apply two separate tests to determine if a money judgment is grossly disproportional. United States v. Levesque, 546 F.3d 78, 83 (1st Cir. 2008). First, the court should apply the three-factor test for "gross proportionality" described in United States v. Heldeman:

> (1) whether the defendant falls into the class of persons at whom the criminal statute was principally directed; (2) other penalties authorized by the

> legislature (or the Sentencing Commission); and (3) the harm caused by the defendant.

Id. (citing United States v. Heldeman, 402 F.3d 220, 223 (1st Cir. 2005)). Second, even if the money judgment satisfies the Heldeman factors, the court must determine whether it would nevertheless deprive the defendant of his livelihood. Id. at 83-85 (citing United States v. Jose, 499 F.3d 105, 113 (1st Cir. 2007)).

Ordering the forfeiture of all proceeds of the subject conspiracy satisfies the test in Heldeman for gross proportionality. 402 F.3d at 223. Defendant was clearly part of the class at whom 21 U.S.C. § 841 was directed and he had more than a minor role in bringing about the harm caused by the conspiracy. Furthermore, the money judgment of $2,250,000 is significantly less than the maximum statutory fine of $4,000,000 for the underlying offense. The Court has not ordered defendant to pay any fines in this case and an order of forfeiture of 56% of the maximum statutory fine for the offense is not disproportionate.

The Court is also unconvinced that requiring defendant to forfeit a money judgment of $2,250,000 will deprive him of his livelihood. See Jose, 499 F.3d at 113. The First Circuit has yet to define the contours of that inquiry but it has held that inability to satisfy the forfeiture at the time of conviction is

-10-

not dispositive because a defendant may earn money in the future. Levesque, 546 F.3d at 85. Moreover, it has noted that any hardship could be mitigated by the Attorney General, who may remit a forfeiture on the grounds of hardship. See United States v. Aguasvivas-Castillo, 668 F.3d 7, 16 (1st Cir. 2012) (citing United States v. Ortiz-Cintron, 461 F.3d 78, 82 (1st Cir. 2006)).

The Court is mindful of the fact that defendant was determined indigent by this Court and is facing a lengthy prison sentence. Nevertheless, he has not demonstrated that his is an "extreme case" where the government is not permitted to seek the full amount of the proceeds of his crime. See Aguasvivas-Castillo, 668 F.3d (reviewing for plain error and rejecting the claim that forfeiture of $20,000,000 would unconstitutionally deprive defendant of his future livelihood); United States v. Katz, No. 10-1138, 2010 WL 4627872, at *1 (1st Cir. Nov. 15, 2010) ("Appellant cites no authority for the proposition that "excessiveness" is established by the fact that paying back the proceeds of a crime may impose a serious financial burden on a defendant.").

The Court is also mindful of the fact that, under Fed. R. Crim. P. 32.2(e), the value of the specific assets found forfeitable by the jury will be applied to the money judgment as will any assets that are located and identified after the entry

of this Order. As a result, defendant will not be required to earn and re-pay the full $2,250,000 in any event.

In sum, the Court finds, after considering the submissions by the parties, that proceeds of the conspiracy to distribute marijuana amounted to $2,250,000 and requiring defendant to forfeit a money judgment in that amount does not violate the Excessive Fines Clause.

### ORDER

For the foregoing reasons,

1) the motion for order of forfeiture (Docket No. 2016) is **ALLOWED**, in part, and **DENIED**, in part;

2) defendant Enrico Ponzo shall forfeit to the United States the sum of $2,250,000 in United States currency pursuant to 21 U.S.C. § 853;

3) this Court shall retain jurisdiction in the case for the purpose of enforcing this Order;

4) the government may, at any time, move pursuant to Fed. R. Crim. P. 32.2(e) to amend this Order to substitute property having a value not to exceed the amount set forth in Paragraph 1 to satisfy the money judgment in whole or in part; and

5) the government may, at any time, conduct pursuant Fed. R. Crim. P. 32.2(b)(3) and 21 U.S.C. § 853(m), as incorporated by 28 U.S.C. § 2461(c), any discovery to identify, locate or dispose of forfeitable property or substitute assets, including, but not limited to, depositions and requests for documents, electronically stored information, and tangible things.

**So ordered.**

/s/ Nathaniel M. Gorton  
Nathaniel M. Gorton  
United States District Judge

Dated August 6, 2014