United States District Court
District of Massachusetts

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Government, ) | |
| ) | |
| v. ) | Criminal Action No. |
| ) | 97-40009-NMG |
| ENRICO PONZO, ) | |
| ) | |
| Defendant. ) | |

MEMORANDUM & ORDER

GORTON, J.

In November, 2013, a jury found Enrico Ponzo ("Ponzo" or "defendant") guilty of, inter alia, racketeering, conspiracy to commit murder and extortion. Ponzo's motion to appoint counsel to assist him 1) in opposing the government's post-judgment criminal forfeiture motion now under appeal and 2) with a motion for a new trial pursuant to Fed. R. Crim. P. 33 is now pending before the Court.

I.  Background

In February, 2011, after Ponzo was arrested he requested that the Court appoint either Attorney Norman Zalkind or Attorney David Duncan as his counsel. The Court appointed Attorney Duncan to represent Ponzo.

In September, 2012, Ponzo moved for pro se hybrid representation and requested that he be allowed to act as co-

-1-

counsel. The Court convened a hearing on the motion and subsequently denied it. Thereafter, at a hearing in October, 2012, defendant sought permission to proceed pro se in his own defense and orally waived his right to counsel. The Court determined that the waiver was knowing and voluntary and allowed defendant's request. One week later, defendant decided that he did not wish to proceed pro se and requested new counsel. Despite the resulting delay, the Court appointed Attorney John Cunha, the Criminal Justice Act ("CJA") duty attorney, as defendant's counsel.

In October, 2013, on the first day of his criminal trial, defendant moved to have Attorney Cunha removed and new counsel appointed. After the Court conducted a colloquy with defendant, he reconsidered, decided to retain his then current counsel and withdrew his motion.

After the trial was completed and after the jury returned a verdict of guilty but before defendant's sentencing, Ponzo again moved for new counsel in November, 2013. That motion was denied as was his subsequent motion to proceed pro se. In early 2014, defendant moved for reconsideration of his motion to proceed pro se and sent the Court a letter in support thereof. After convening a hearing, the Court 1) allowed defendant's motion to appear pro se at the sentencing hearing with Attorney Cunha

present as standby counsel and 2) allowed Attorney Cunha's motion to withdraw after sentencing.

Having proceeded pro se for over two years, during which time Ponzo filed numerous post-sentence pleadings, on July 18, 2016, defendant moved once again for the appointment of counsel.

## II. Motion to Appoint Counsel

### 1. Legal Standard

Pursuant to the CJA, United States District Courts are required to appoint counsel for criminal defendants who qualify financially unless such defendants waive their right to counsel. 18 U.S.C. § 3006A(b). Section 3006A(c) states that if counsel is appointed, the individual shall be represented at all stages of the proceedings including the appeal and "ancillary matters appropriate to the proceedings." 18 U.S.C. § 3006A(c). The right to counsel does not extend to motions for a new trial. Dirring v. United States, 353 F.2d 519, 520 (1st Cir. 1965).

In order to proceed pro se, defendants must "knowingly and intelligently" waive their right to counsel. United States v. Kneeland, 148 F.3d 6, 11 (1st Cir. 1998)(internal quotation and citation omitted). Before allowing such a waiver, Courts are required to ensure that defendants are "aware of the dangers and disadvantages of self-representation" and that the "choice is made with eyes open." Faretta v. California, 422 U.S. 806, 835 (1975) (internal quotation and citation omitted). A waiver is

effective if the defendant has "a sense of the magnitude of the undertaking" and a consciousness that "technical rules" apply in a trial. Maynard v. Meachum, 545 F.2d 273, 279 (1st Cir. 1976).

In criminal cases, the right to counsel is absolute but there is no right to have a specific attorney appointed. United States v. Diaz-Martinez, 71 F.3d 946, 949 (1st Cir. 1995). It is appropriate for courts to give defendants a choice between continuing with a competent appointed counsel or representing themselves. Kneeland, 148 F.3d at 11–12. A court's decision to deny a defendant's request for substitute counsel is reviewed for the abuse of discretion. United States v. Diaz-Rodriguez, 745 F.3d 586, 590 (1st Cir. 2014). Courts must, however, evaluate the defendant's discontent with counsel by "prob[ing] into the nature and duration of the asserted conflict." Id.

**2. Analysis**

The Court has already twice appointed counsel to represent defendant and on several occasions has considered his motions to represent himself pro se. The Court has also carefully ensured that defendant was aware of the consequences of waiving his right to counsel and proceeding pro se. Maynard, 545 F.2d at 279. The defendant's request to proceed pro se post trial was allowed only after the defendant made it abundantly clear that he wished to proceed pro se by repeatedly renewing his request. The Court convened more than one hearing and conducted

-4-

colloquies before concluding that defendant "knowingly, intelligently, and unequivocally" waived his right to counsel.

Moreover, defendant insisted on proceeding pro se when given the choice of continuing with competent counsel or representing himself. Kneeland, 148 F.3d at 11-12. In the words of the First Circuit Court of Appeals,

> The defendant cannot call upon the government to furnish him with counsel, and at the same time consider himself . . . in charge of the case.

United States v. O'Clair, 451 F.2d 485, 486 (1st Cir. 1971) (per curiam). In light of defendant's recurring waivers of his right to counsel and his repeated requests to proceed pro se, his pending motion to appoint counsel to represent him in the post-judgment criminal forfeiture proceedings will be denied.

Defendant's request that counsel be appointed to assist him with a motion for a new trial pursuant to Fed. R. Crim. P. 33 will also be denied because the right to counsel does not extend to new trial motions. Dirring, 353 F.2d at 520.

## ORDER

In accordance with the foregoing, defendant's motion to appoint counsel (Docket No. 2314) is **DENIED.**

**So ordered.**

/s/ Nathaniel M. Gorton\_\_\_\_\_
Nathaniel M. Gorton
United States District Judge

Dated October 27, 2016